IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE L. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | )   8:09-cv-00399-LSC-FG3 |
| vs. | ) |
| | )   MEMORANDUM AND |
| NEBRASKA BEEF, LTD., | )   ORDER |
| | ) |
| Defendant. | ) |

   This matter is before the court on plaintiff's Motion for Telephonic Deposition (Doc. 22) and the parties' joint motion to extend the case deadlines (Doc. 28).

   The complaint alleges that plaintiff, a non-Hispanic African American male, was employed at the defendant's beef packaging plant in Omaha, Nebraska. His employment was terminated after he complained that Hispanic coworkers harassed him based on his race, color, and sex. Plaintiff seeks relief under 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a. The Complaint alleges that plaintiff resided in the State of Texas when he filed this action in Nebraska state court on October 7, 2009.

   The parties have been unable to schedule the plaintiff's deposition. In his motion, plaintiff advises that he now lives in the State of Louisiana, is unemployed, is a single parent, and is serving a term of probation that restricts his ability to travel out of the state. He also states that he cannot pay to travel to Nebraska for his deposition, and he cannot pay to have his own attorney travel to Louisiana to attend a deposition. He plans on attending the trial of this matter in Omaha, needs to save money for that trip, and "feel[s] that Nebraska Beef should take [his] deposition by telephone." (Doc. 23, Plaintiff's Affidavit).

   Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate–or the court may on motion order–that a deposition be taken by telephone or other remote means." In this case, the defendant does not agree to a telephone deposition.

>   [T]here is a well-recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue.

*Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 588 (D. Minn. 1999).
This general rule is subject to exception, "when the plaintiff can make a compelling showing
that its application would impose an unduly heavy burden.*" Id. See also Gibbs v. National
Railroad Passenger Corp.*, 170 F.R.D. 452 (N.D. Ind. 1997).

As the court explained in *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603,
604 (D. Nev. 1999),

> The issue of taking the deposition of a witness is different from the issue
> of taking the deposition of a plaintiff.  A witness is not responsible for and has
> not made the election to be involved in the litigation.  Therefore, there are
> limits to the imposition that the judicial system should impose on such a
> person.  The plaintiff, on the other hand, has not only taken the volitional step
> of initiating the lawsuit or claim, he or she stands to gain a substantial
> monetary sum and/or other beneficial relief as a result of suing a defendant. A
> plaintiff, therefore, cannot invoke the mere fact inconvenience or expense as
> a legitimate reason to refuse to appear and submit himself or herself to
> questioning by the defendant regarding the basis for the claim.

* * * *

> "Telephone depositions are not recommended for obtaining controversial
> testimony.   You cannot observe the impact of your questions or the witness'
> nonverbal responses.   Moreover, you will be unable to ascertain if anyone is
> listening in or 'coaching' the witness."  William W Schwarzer, A. Wallace
> Tashima, & James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE
> TRIAL § 11.443 (1997).

> As a normal rule plaintiff will be required to make himself or herself
> available for examination in the district in which suit was brought.
> Since plaintiff has selected the forum, he or she will not be heard to
> complain about having to appear there for a deposition.   But this is at
> best a general rule, and is not adhered to if plaintiff can show good
> cause for not being required to come to the district where the action is
> pending.

> Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL
> PRACTICE AND PROCEDURE § 2112 (1994).

In this instance, the plaintiff has not shown an extreme hardship that would excuse
him from appearing in Nebraska to be deposed.  Plaintiff chose to file this lawsuit in
Nebraska.  The defendant should not have to forego the right to take plaintiff's deposition
face-to-face simply because plaintiff elected to move from Nebraska (where he was

employed by the defendant), then to Texas (where he lived when the complaint was filed), and then to Louisiana.

Plaintiff is cautioned that failure to appear for his deposition may result in the imposition of sanctions against him pursuant to Fed. R. Civ. P. 37(b) and (d), including the sanction of dismissal.

**IT IS ORDERED:**

1. Plaintiff's Motion for Telephonic Deposition (Doc. 22) is denied. Plaintiff is hereby ordered to make himself available for deposition in Nebraska no later than **October 20, 2010.**

2. The parties' Stipulated Motion to Extend Discovery and Related Deadlines (Doc. 28) is granted. An amended progression order will be entered separately extending all existing deadlines by approximately 90 days.

**DATED September 7, 2010.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**